Terron D. JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2004–CA–001375–MR.

Court of Appeals of Kentucky.

June 17, 2005.

Discretionary Review Denied by Supreme Court Dec. 14, 2005.

Case Ordered Published by Supreme Court Dec. 14, 2005.

---

28. *Oliver, supra* at 700. (emphasis supplied).

Kim Brooks Tandy, Covington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; HENRY and TACKETT, Judges.

## OPINION

COMBS, Chief Judge.

Terron Johnson appeals from an order of the Henderson Circuit Court following his conditional plea of guilty to one count each of first-degree possession of a controlled substance (cocaine) and possession of marijuana. Prior to pleading guilty, Johnson unsuccessfully filed a motion to suppress the introduction of evidence discovered during a police search of his automobile. He now appeals the order that denied his motion to suppress. After our review of the record, we affirm both the order denying the motion to suppress and the judgment entered upon the guilty plea.

At the suppression hearing conducted by the trial court, Officer Chris Roush of the Henderson City Police Department testified that he was driving routine patrol in the vicinity of Cherry Street on the eve-ning of November 8, 2003. The police had recently increased their protection of that area at the request of residents. Shortly after midnight, Officer Roush observed an occupied automobile parked in front of an apartment building on Cherry Street. Because several of the apartments in the building had been confirmed as high drug-traffic areas, Roush became suspicious. Roush circled the city block and observed the car pull away from the curb as he approached.

In less than two minutes, Roush saw the driver make a right-turn without giving a proper signal and noticed that the vehicle's license plate was not properly illuminated. Officer Roush activated his lights and initiated a routine traffic stop. Roush also noticed that the vehicle's registration appeared to have expired. He radioed dispatch for more information. Dispatch confirmed that the registration had indeed expired. Roush then radioed for a canine unit.

Roush exited his patrol car and approached the stopped car. He advised the driver, Terron Johnson, of his reason for the stop. At Roush's request, Johnson provided a valid driver's license and registration but refused to consent to a search of his car.

Roush returned immediately to his patrol car to prepare a citation for the expired registration. Before Roush completed the paperwork, the requested canine unit arrived at the scene. Roush again exited his patrol car and asked Johnson to step out of his car for his own safety. Between five and seven minutes had elapsed since Roush had initiated the traffic stop.

Argo, the drug-sniffer dog, alerted immediately and aggressively to the driver's side door. Once inside the car, he alerted aggressively to the cushion of a child's

safety seat. Roush discovered cocaine and marijuana hidden in the child's safety seat. Johnson was arrested and transported to the county jail. According to Roush, the entire incident lasted approximately fifteen minutes.

On January 6, 2004, Johnson was indicted on charges of first-degree possession of a controlled substance, possession of marijuana, and expired registration plates. On March 17, 2004, he filed a motion to suppress the evidence seized from the search of his automobile. As a basis for the motion, Johnson argued that the canine sweep constituted an unlawful search lacking probable cause and that the detention was otherwise unduly long and intrusive in light of the nature of the stop.

After considering the evidence presented, the trial court concluded that the traffic stop was properly supported by probable cause and that it was valid. The trial court also addressed the time involved in the officer's interaction with Johnson to determine whether the stop had been prolonged beyond the time reasonably required to investigate, prepare, and issue a citation based on the traffic violation. The court rejected Johnson's contention that Officer Roush had improperly extended the duration of the stop to enable the dog sniff to occur. Additionally, "[t]he brief delay while the dog sniffed the exterior of the car did not make the length of the stop unreasonable." Opinion at 4. We find no error in the trial court's denial of the motion to suppress.

It is well settled that an investigative stop of an automobile is constitutional as long as law enforcement officials have a reasonable suspicion—supported by specific and articulable facts—that the occupant of the vehicle has committed, is committing, or is about to commit an offense. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *Collins v. Commonwealth*, 142 S.W.3d 113 (Ky.2004). In addition to the requirement that the stop be justified at its inception, the police officer's subsequent actions must be reasonably related in scope to the circumstances that gave credence to the initial stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229, 238 (1983).

Johnson concedes that the initial traffic stop was justified based upon his violation of traffic laws. However, Johnson contends that the detention lasted longer than necessary to effectuate its purpose and that it was improperly prolonged for the purpose of conducting a drug investigation, thus rendering it illegal. Johnson relies in part on the reasoning of the Fifth Circuit Court of Appeals in *United States v. Dortch*, 199 F.3d 193 (5th Cir.1999).

In *Dortch*, two highway patrol officers stopped the defendant, who was driving a rental car too close to a tractor-trailer. Dortch provided his license and the rental car papers, and one of the officers ran a computer check to search for any outstanding warrants and to determine whether the car was stolen. The officers told Dortch that he would be free to leave after they completed their warrants check but that they had to detain his car until they had performed an exterior canine search of it. Twenty minutes later, the canine unit arrived and completed an exterior dog sniff of the vehicle. The dog alerted to the driver's side door and seat, but a subsequent search of the car revealed no contraband. However, the officers then conducted a pat-down search of Dortch and found drugs on his person.

Dortch moved to suppress the drug evidence on the basis that the officers had unlawfully detained him by forcing him to wait for them to conduct the canine search. The court agreed, concluding that the officers lacked a reasonable suspicion that Dortch was trafficking in drugs and that the extended detention that followed the computer check exceeded the scope of the intrusion permitted by *Terry*.

■ The use of a well-trained narcotics-detection dog during a lawful traffic stop generally does not violate legitimate privacy interests. *See United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). The Supreme Court of the United States recently addressed this issue again in *Illinois v. Caballes*, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005), dealing with facts similar to the case before us. In *Caballes*, an Illinois State Trooper stopped the defendant for speeding. When the trooper radioed dispatch to report the stop, a second trooper—a member of the state police drug interdiction team—overheard the transmission and headed for the scene with his drug-sniffer dog.

When the second trooper and his dog arrived, the defendant's car was parked on the shoulder of the road and the defendant was seated in the patrol car. While the first trooper was writing the defendant a warning ticket, the second trooper walked his dog around the defendant's car. The dog alerted to the trunk. Based on the alert, the officers searched the trunk, discovered marijuana, and arrested the defendant. The encounter lasted less than ten minutes.

The defendant's motion to suppress the evidence collected from his trunk was denied, and he was convicted of a narcotics offense at trial. However, the Illinois Supreme Court reversed the conviction, holding that since the canine sniff was performed without any specific and articulable facts to suggest drug activity, the use of the dog "unjustifiably enlarg[ed] the scope of a routine traffic stop into a drug investigation."

The Supreme Court disagreed. The Court observed that the initial seizure of the defendant had been based on probable cause and was lawful and that the seizure had not been prolonged beyond the time reasonably necessary to prepare the warning citation. It concluded that the defendant had not been unlawfully detained and that the dog sniff had not otherwise infringed upon any constitutional rights.

In this appeal, Johnson has acknowledged that the initial stop of his automobile and a limited portion of the detention were lawful. He objects to the scope and duration of the detention that allowed for the dog sniff.

During the suppression hearing, the Commonwealth gave a precise accounting for the few minutes that Johnson had been detained before the canine unit arrived at the scene. The trial court was persuaded by the testimony that Officer Roush had not pretextually or impermissibly stalled the stop in order to allow for the canine unit to arrive. The court concluded that the brief period of detention lasted no longer than was necessary to achieve the purpose of the stop.

We have examined the record and find nothing to indicate that the duration of Johnson's detention was so prolonged as to be unjustified. Officer Roush appears to have pursued his investigation in a diligent and reasonable manner. He made a radio transmission to dispatch, awaited information, then contacted the canine unit. His encounter with Johnson was focused and immediate, and he set out directly to complete the paperwork involved in issuing a citation. The purpose of the initial stop

had not been completed before the canine unit arrived at the scene, and the dog sniff did not prolong the stop to any unreasonable extent. The dog sniff occurred while Johnson was being lawfully detained by Roush. After the dog alerted to the presence of narcotics, the officers undoubtedly had probable cause to search the vehicle. Consequently, the trial court did not err· by denying Johnson's motion to suppress the evidence recovered from his car.

The judgment is affirmed.

ALL CONCUR.