# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$upreme Court of Kentucky FINAL

2005-SC-000844-MR DATE 6-14-07 Ern A Grown D.C.

TROY D. WADE                                                  APPELLANT


APPEAL FROM MEADE CIRCUIT COURT
HON. ROBERT A. MILLER, JUDGE
V.                                    NO. 04-CR-00120


COMMONWEALTH OF KENTUCKY                                      APPELLEE


**MEMORANDUM OPINION OF THE COURT**

<u>Affirming</u>

Appellant, Troy D. Wade, was convicted by a Meade County jury of possession of a controlled substance (cocaine) in the first degree, possession of marijuana, failure to register transfer of a motor vehicle, and being a persistent felony offender in the first degree. For these crimes, Appellant was sentenced to a total of twenty years in prison. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). For the reasons set forth herein, we affirm Appellant's convictions.

On the evening of September 11, 2005, Appellant was a passenger in his own vehicle when he came upon a safety checkpoint. Trooper Kevin Burton approached the driver, Robert Stewart, and asked for his license and proof of insurance. At first, Stewart gave Trooper Burton a false name, but then admitted that he did not have his driver's license on him, nor could he produce his social

security number for the officer. At this point, Appellant offered Trooper Burton his license and admitted that the vehicle was his.

While talking to Stewart, Trooper Burton detected a strong smell of alcohol on Stewart's breath. Stewart was asked to exit the vehicle and was administered three field sobriety tests. When he failed all three tests, Stewart was placed under arrest. Upon the search incident to arrest, cocaine and drug paraphernalia were discovered on Stewart's person. At this point, a K-9 unit was called to sniff the vehicle.

Once drugs were discovered on Stewart, Appellant was asked to step out of the vehicle. Trooper Justin Spears patted Appellant down for weapons. Although Trooper Spears found no weapons, he did find $5,144 in cash distributed throughout several pockets of Appellant's pants.[1] Appellant said he was a painter and that the money was for purchasing an SUV. He claimed that a portion of the money was from recent earnings and that the rest of it was from winning a game of dice that night.

Immediately after Stewart's arrest and the pat down of Appellant, Trooper Todd Combs arrived with his dog, Rex, to sniff the vehicle. Upon inspection, the dog alerted to something in the trunk of the vehicle. Once the trunk was opened, police discovered 5.2 grams of cocaine and 10.1 grams of marijuana inside a CD

---

[1] Although not challenged by Appellant, it is questionable whether police lawfully seized money from Appellant during the pat down search for weapons. See Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (items may be seized during a pat down search for weapons only if the item could reasonably be a weapon or if the item's incriminating character is immediately apparent by touch or feel); Commonwealth v. Whitmore, 92 S.W.3d 76, 79 (Ky. 2002) ("The purpose of the limited [pat down] search is not to discover evidence of a crime, but to allow the officer to pursue the investigation without fear of violence.").

case. At this point, Appellant was arrested. From start to finish, the stop lasted a total of ten to fifteen minutes.

At the police station, it was revealed that Appellant had an extensive criminal history, including a conviction involving trafficking in a controlled substance. Appellant was eventually indicted and convicted for possession of the drugs found in the trunk of his vehicle and for being a persistent felony offender in the first degree.

Pursuant to RCr 9.78, the trial court's findings of fact are conclusive if supported by substantial evidence. Appellant does not challenge any of the trial court's specific findings of fact in this case. In any event, we have reviewed the record and find that the factual findings set forth in this opinion are supported by substantial evidence.

Appellant sets forth one argument on appeal. He claims that pursuant to the holding in Illinois v. Caballes, 543 U.S. 405, 125 S. Ct. 834, 160 L.Ed.2d 842 (2005), his vehicle's detainment at the safety checkpoint was unconstitutionally prolonged beyond the time reasonably required to conduct the traffic stop. We disagree; the search of Appellant's vehicle was constitutionally valid and did not run afoul of the holding set forth in Caballes, supra.

We first note that Appellant does not challenge the constitutionality of the checkpoint itself. Rather, he focuses on the duration of his vehicle's seizure as grounds for challenging his convictions. In Caballes, the U.S. Supreme Court stated that a lawful traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete [the] mission [that originally justified the stop.]" 543 U.S. at 407.

In this case, Appellant acknowledges that the detainment of his vehicle was justified by Trooper Burton's reasonable suspicion that Stewart had committed traffic infractions (driving without a license, etc.) and was intoxicated. However, once Stewart was arrested for DUI, Appellant contends that police no longer had a constitutionally valid reason to detain him or the vehicle. We disagree.

Stewart, an occupant of the vehicle, was arrested. Thus, the police, as a contemporaneous incident of that arrest, had a right to search the passenger compartment of the vehicle. See Commonwealth v. Ramsey, 744 S.W.2d 418, 419 (1987) (adopting New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), which "held that when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile"). During this contemporaneous search of the passenger compartment of the vehicle, a police dog sniffed in and around the vehicle. Upon sniffing the trunk, the dog immediately alerted to the presence of contraband which in turn created probable cause to search the trunk. See U.S. v. Diaz, 25 F.3d 392, 393-94 (6th Cir. 1994) ("A positive indication by a properly-trained dog is sufficient to establish probable cause for the presence of a controlled substance."); Johnson v. Commonwealth, 179 S.W.3d 882, 886 (Ky. App. 2005) ("After the dog alerted to the presence of narcotics, the officers undoubtedly had probable cause to search the vehicle.").

Appellant complains that the additional minute or two it took for the dog to sniff the outside of the vehicle was unreasonable.[2] Rather, upon finding nothing of an incriminating nature in the vehicle's interior, police should have immediately stopped their investigation and handed the vehicle over to Appellant. Yet, according to the factual findings made by the trial court and supported by substantial evidence on the record, there were legitimate reasons to extend the stop even beyond the search of the passenger compartment of the vehicle.

During their investigation of Stewart, police discovered that title to the vehicle was not held by either Appellant or Stewart.[3] Accordingly, the trial court found that it was legitimate for the vehicle to be retained for a period beyond that needed to investigate and arrest Stewart so that Appellant's "right or legal ability (sobriety, license and insurance) to operate the vehicle" could be determined. The trial court found that "[i]t was during this reasonable delay that the K-9 drug sniff occurred."

When all these circumstances are considered in their totality, we find that the ten to fifteen minute detention of Appellant and his vehicle was reasonable and not prolonged beyond the time reasonably required to conduct the traffic stop in this case. See Johnson, 179 S.W.3d at 885 (no constitutional violations

---

[2] Of course, the canine sniff itself did not violate any of Appellant's Fourth Amendment rights since "the limited and discriminating nature of a sniff does 'not constitute a 'search' within the meaning of the Fourth Amendment.'" U.S. v. Reed, 141 F.3d 644, 649 (6th Cir. 1998) (quoting United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110 (1983)).

[3] Appellant explains in his brief that the 1993 Buick Roadmaster that was detained that night was purchased from Larry and Alicia Foster in mid-August. When Appellant attempted to have the vehicle's title transferred into his name, he discovered there was a lien on the vehicle, and thus, he was not able to transfer title until the lien was removed.

where it was determined that officers diligently pursued their investigation and did not pretextually or impermissibly stall the stop for the sole purpose of allowing a canine unit to sniff the vehicle). The judgment and sentence of the Meade Circuit Court is therefore affirmed.

All sitting. All concur.

ATTORNEY FOR APPELLANT

Karen Shuff Maurer
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601

ATTORNEY FOR APPELLEE

Gregory D. Stumbo
Attorney General

Bryan D. Morrow
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601